**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>HAROLD A. ACKERMAN<br>SENIOR JUDGE | UNITED STATES DISTRICT COURT<br>POST OFFICE BOX 999<br>NEWARK, NEW JERSEY 07101-0999 |

June 26, 2009

RE:   *United States v. Christie*, Criminal No. 07-332

**TO ALL COUNSEL OF RECORD**

Dear Counsel:

  By way of a letter filed by counsel with the Court on June 24, 2009, the day after sentencing, Defendant Russell Christie moved for the removal of his court-appointed counsel and the appointment of new counsel for his appeal. It is well-established that a Defendant has the right to have counsel appointed for him, to hire his own attorney, or to elect to have no attorney and proceed *pro se*. *See Siers v. Ryan*, 773 F.2d 37, 44 (3d Cir. 1985) (recognizing an indigent defendant's right to have counsel appointed); *United States v. Rankin*, 779 F.2d 956, 958 (3d Cir. 1986) (instructing courts not to arbitrarily interfere with a defendant's choice of private counsel); *Buhl v. Cooksey*, 233 F.3d 783, 791 (3d Cir. 2000) (acknowledging a defendant's right to proceed *pro se*, "even though such a defendant will nearly always be better off with an attorney"). However, as this Court recognized in its March 5, 2008 Letter Order resolving a similar motion raised by Defendant, a defendant does not have the "right to have any special rapport or even confidence in the court-appointed counsel," nor does a defendant have "an absolute right to counsel of [his] choice." *Siers*, 773 F.2d at 44; *see also Davis v. Stamler*, 650 F.2d 477, 479–80 (3d Cir. 1981).

  When requesting that court-appointed counsel be replaced, a defendant must demonstrate good cause, which the Third Circuit has defined as "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with the attorney." *United States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir. 1995) (citations omitted). Although in the past Defendant has vaguely alleged that his court-appointed counsel, Lorraine Gauli-Rufo, has a conflict of interest and that he has difficulty communicating with her (*see, e.g.*, Doc. No. 36, Letter from Defendant to Court (noting a conflict of interest, but not indicating what that conflict is), he has never substantiated these allegations, and this Court has given him numerous opportunities to do so. Specifically, during his second arraignment hearing, the Court gave Defendant multiple chances to explain the nature of his communication problems with Ms. Gauli-Rufo, and Defendant declined to elaborate. So far as this Court can tell, Defendant's allegations amount to nothing more than his unsubstantiated belief that Ms. Gauli-Rufo should be defending his case more vigorously. (*See*

*id.* (noting his distrust of Ms. Gauli-Rufo and his lack of confidence in "her ability or willingness to act in [his] best interests or vigorously defend [his] rights").) Such sentiments, however, do not amount to good cause. Indeed, this Court has observed the professional representation provided by his counsel throughout the course of this case. Furthermore, up to this point, Defendant has neither hired his own attorney or requested to proceed *pro se*. Accordingly, this Court hereby DENIES Defendant's motion (Doc. No. 114).

  This Court expresses no opinion on the propriety of Defendant renewing his request for new counsel, for purposes of his appeal, with the Third Circuit.

             SO ORDERED

             /s/ Harold A. Ackerman
             U.S.D.J.